

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00319-CR
No. 04-17-00320-CR

John K. **MARLON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2013CR10739W & 2013CR4990
Honorable Sid L. Harle, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  December 13, 2017

AFFIRMED AS REFORMED

Appellant, John Marlon, appeals the trial court's judgments adjudicating his guilt on two separate offenses of possession of a controlled substance and sentencing him in each case to six months' confinement, to run concurrently. In three issues on appeal, appellant asserts (1) the trial court abused its discretion in adjudicating his guilt because the evidence is insufficient to establish that he violated a condition of his community supervision; (2) trial counsel was ineffective; and (3) the trial court's judgments should be reformed to reflect the correct punishment of 180 days' confinement and that he pled "not true" to the State's allegations in its motion to revoke his

community supervision. We reform the trial court's judgment to properly assess the term of appellant's community supervision at 180 days' confinement and that he pled "not true" to the State's allegations. We affirm the judgments as reformed.

## SUFFICIENCY OF THE EVIDENCE

We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Torres v. State*, 103 S.W.3d 623, 625 (Tex. App.—San Antonio 2003, no pet.). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated at least one of the terms and conditions of his community supervision. *Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013); *Torres*, 103 S.W.3d at 625. To meet this burden of proof, the greater weight of the evidence must create a reasonable belief that the defendant violated a condition of probation as alleged. *Torres*, 103 S.W.3d at 625. The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Hacker*, 389 S.W.3d at 865; *Torres*, 103 S.W.3d at 625. If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984); *Reasor v. State*, 281 S.W.3d 129, 132 (Tex. App.—San Antonio 2008, pet. ref'd).

One of the terms of appellant's community supervision required him to report to his probation officer. The terms and conditions do not state a start date, nor do they state how often, when, or where appellant should report. The State moved to revoke appellant's community supervision on the grounds that he failed to report for the months of April and May 2016. The reporter's record from the hearing on the State's motion does not indicate the trial court took appellant's plea on the failure-to-report allegations. However, at the start of the hearing, the trial court stated, "Okay, Mr. Marlon, we've already established you're the individual on probation. At

the last hearing at some point, I think there was an agreement or — *and then you decided you wanted to contest* so we have the [probation] officer here on those violations." [Emphasis added.]

Gerardo Morales testified he was not appellant's probation officer when appellant was placed on community supervision in February 2014. Morales first met appellant about one year later. During their first meeting, Morales told appellant he had to report to Morales's office every month. Appellant initially reported to Morales at a downtown location, but his case was later transferred to the east side of town near appellant's residence. When his case was transferred, appellant asked that he be allowed to continue reporting downtown because downtown was closer to his new residence. Morales told appellant a transfer was not a "given right," and it could be discussed with Morales's manager, but appellant needed to provide proof of his new address before they could request a transfer. Appellant did not provide proof of a new address; instead, he gave Morales "a piece of paper from Chase that read Dr. John Marlon, which we established [was not] him."

Morales said appellant failed to report "many times." The court took judicial notice that on March 5, 2015, the trial court required appellant to serve twenty days' confinement because of failures to report in late 2014. Morales testified that in April and May 2016 appellant also failed to report, explaining:

> When people report they check in with our security monitor. The security monitor annotates in our [computer] system and then they come see me. I sent a letter to [appellant] that he didn't report, he still failed to report.

When appellant failed to report in April and May 2016, Morales filed a violation report, and the following month the State filed its motion to revoke. After appellant's attorney said he had no questions for Morales, the State rested. Defense counsel told the court he could verify that appellant had no criminal record prior to his possession convictions and appellant was an intelligent person. Counsel asked the court to continue appellant's community supervision.

Counsel also stated he was "at a loss to explain [appellant's] lack of cooperation with your probation department and the Court." Counsel did not call any defense witnesses; however, appellant spoke on his own behalf.

Appellant said he gave Morales a "document" showing his new address, which Morales verified and said would be "processed." Appellant stated Morales told him, in March 2016, that he would be notified of a new appointment time for his next probation meeting, but he never received the notification. Appellant said he emailed Morales asking for a new report time and date, and that is when Morales told him his community supervision had been revoked.

The trial court then stated:

> [B]ased upon the fact that this is our second time we've had this issue come up and I gave you a 20-day jail sanction for not reporting . . ., I'm going to find the violation to be true, revoke your community supervision, but under the circumstances I'm going to give you the minimum term, 180 days allowed under the law on each of the cases to run concurrent. . . . .

On appeal, appellant asserts the trial court erred by revoking his community supervision because the record provides no clear indication of when and where he was required to report other than "every month"; Morales never testified appellant knew when or where to report; and the State produced no evidence Morales actually knew appellant did not report in April and May 2016.

However, Morales stated appellant did not report, although, apparently his testimony was based only on what the security monitor did not annotate in the computer system. Although it appears appellant challenged the State's allegations in the motion to revoke, when appellant testified at the revocation hearing, he did not deny he failed to report in April and May. Deferring to the trial court's credibility determinations and viewing the evidence in the light most favorable to the trial court's ruling, we conclude the trial court did not abuse its discretion by revoking appellant's community supervision.

**EFFECTIVE ASSISTANCE OF COUNSEL**

Appellant asserts he received ineffective assistance of counsel because his attorney did not question Morales, did not question appellant, offered no evidence, and counsel told the trial court he was "at a loss to explain [appellant's] lack of cooperation." Appellant contends these cumulative errors resulted in ineffective assistance of counsel.

To prevail on a claim of ineffective assistance of counsel, appellant must establish by a preponderance of evidence that: (1) his attorney's performance was deficient; and (2) his attorney's deficient performance deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex parte Chandler*, 182 S.W.3d 350, 353 (Tex. Crim. App. 2005). Appellant must satisfy both *Strickland* elements, and the failure to show either deficient performance or prejudice will defeat the claim. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010); *Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003).

We presume the attorney's representation fell within the wide range of reasonable and professional assistance. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). Ineffective assistance claims must be firmly founded in the record to overcome this presumption. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Consequently, a direct appeal is usually an inadequate vehicle for raising an ineffective assistance of counsel claim because the record is generally undeveloped as to why trial counsel did what he or she did. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Thompson*, 9 S.W.3d at 814 n.6. When the record is silent as to trial counsel's strategy, we will not conclude appellant received ineffective assistance unless the challenged conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed*, 187 S.W.3d at 392 (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Appellant complains trial counsel did not call any witnesses. An appellant complaining about trial counsel's failure to call witnesses must show the witnesses were available and he would have benefitted from their testimony. *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); *Cantu v. State*, 993 S.W.2d 712, 719 (Tex. App.—San Antonio 1999, pet. ref'd). Appellant does not state which witnesses trial counsel should have called, how they would have testified, or how he would have benefitted from their testimony.

Appellant also complains counsel did not cross-examine Morales. But, "[c]ross-examination is inherently risky, and a decision not to cross-examine a witness is often the result of wisdom acquired by experience in the combat of trial. It is frequently a sound trial strategy not to attack a sympathetic eyewitness without very strong impeachment." *Ex parte McFarland*, 163 S.W.3d 743, 756 (Tex. Crim. App. 2005). "Furthermore, cross-examination is an art, not a science, and it cannot be adequately judged in hindsight." *Id.*

Finally, appellant complains counsel did not question appellant. However, the trial court allowed appellant to speak freely, in a narrative fashion, without objection from the State. On appeal, appellant does not indicate what additional testimony he may have provided if counsel had questioned him.

The record before us is silent as to trial counsel's strategy. However, counsel told the trial court appellant had no other criminal history and he was intelligent. Counsel asked the court to continue appellant's community supervision. Conceivably, a number of errors may be harmful in their cumulative effect. *Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999). However, as the *Chamberlain* Court stated, "we are aware of no authority holding that non-errors may in their cumulative effect cause error." *Id.* On this silent record, we cannot conclude the challenged conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Goodspeed*, 187 S.W.3d at 392. Therefore, appellant did not satisfy the first *Strickland* element.

**REFORMATION OF JUDGMENT**

Both trial court judgments state appellant pled "true" to the allegations in the State's motion to revoke and assessed punishment at six months' confinement. In his final issue, appellant asserts, and the State agrees, the trial court's judgments should be reformed to reflect that he pled "not true" to the allegations and that punishment should be assessed at 180 days' confinement. We also agree.

An appellate court has the authority to modify the judgment to make the record speak the truth when the matter is called to our attention by any source. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *see* TEX. R. APP. P. 43.2(b) (appellate court may modify trial court's judgment and affirm as modified). Therefore, we reform the judgments as follows:

(1) in trial cause number 2013CR10739W to state: "Plea to Motion to Revoke: NOT TRUE," and to state "Punishment and Place of Confinement: 180 DAYS TDCJ-SJD AND A FINE OF $ 0.00 IMPRISONED (STATE JAIL)

(2) in trial cause number 2013CR4990 to state: "Plea to Motion to Revoke: NOT TRUE," and to state "Punishment and Place of Confinement: 180 DAYS TDCJ-SJD AND A FINE OF $ 0.00 IMPRISONED (STATE JAIL).

We affirm the trial court's judgments as reformed.

Sandee Bryan Marion, Chief Justice

Do not publish